## STEWART et al. v. UNITED STATES.
### No. 10571.

United States Court of Appeals,
Seventh Circuit.
Sept. 22, 1952.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., John P. Lulinski, Asst. U. S. Atty., William Sylvester White, Jr., Asst. U. S. Atty., Chicago, Ill., for appellant.

Robert N. Burchmore, John S. Burchmore, Nuel D. Belnap, Chicago, Ill., Walter, Burchmore & Belnap, Chicago, Ill., of counsel, for appellees.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

This action, commenced December 27, 1948, against The United States of America for damages resulting from personal injuries sustained by plaintiffs because of the negligent and wrongful activities of the employees of the government, has heretofore been before this court. Stewart v. United States, 7 Cir., 186 F.2d 627. The facts upon which plaintiffs asserted their right to recover and the theories of the re-

spective parties as to the law of the case are fully set forth and discussed in our previous opinion and need not be reiterated. It may be pertinent to observe that the case previously came to this court from a summary judgment in favor of the government and allowed upon its motion. This court reversed such judgment and held that plaintiffs were entitled to recover. The mandate of this court was filed in the District Court June 11, 1951, under the provisions of which, together with the decision of this court, there remained for the District Court only the assessment of the amount of plaintiff's damages. In the meantime, the government had petitioned the Supreme Court for certiorari, which was denied. United States v. Stewart, 341 U.S. 940, 71 S.Ct. 1000, 95 L.Ed. 1367.

Subsequently, on September 11, 1951, the government was permitted to file an amendment to its original answer, as follows:

"1. That the complaint filed herein purports to invoke the jurisdiction of this court under the terms of 28 U.S.C. 1346(b).

"2. That this honorable court has no jurisdiction to adjudicate the alleged claims set forth in the complaint for the reason that the said claims fall within the Exceptions to 28 U.S.C. 1346(b) set forth in 28 U.S.C. 2680 (a)."

The District Court decided adversely to the government the issue raised by its amended answer, directed that the evidence offered in support thereof be stricken, heard testimony as to the extent of the injuries suffered by the plaintiffs, with the resultant damages, and in conformity with the mandate of this court entered a judgment in favor of the plaintiffs and against the government. It is from this judgment the instant appeal comes.

It is plain, so we think, that any merit in the government's position must stem from the premise that the court was without jurisdiction to adjudicate the cause of action stated in the complaint. If such be the case, we assume that the issue of jurisdiction may be raised at any time and that in the absence thereof the judgment is void.

This jurisdictional issue, as noted, was raised for the first time after the mandate of this court, which left nothing to be done but the assessment of plaintiff's damages. In the original proceeding the government answered and denied the material allegations of the complaint. It procured a summary judgment in its favor, thereby representing that the court had jurisdiction. It sought an affirmance of such judgment in this court and thereby again represented that the District Court had jurisdiction. After it had been defeated on the merits, this jurisdictional question was raised for the first time. It is stated in the government's brief, "It was first raised in the Solicitor General's Petition for Certiorari to the Supreme Court upon the erroneous assumption that it had been raised in the courts below." If it is a jurisdictional question such as the government urges, it is not discernible how it made any difference in the calculations of the Solicitor General whether the question had been raised in the courts below. It is hardly conceivable that able counsel for the government would have so long overlooked a meritorious jurisdictional defense and raises an inference that they do not have too much confidence in their present position.

The government, as might be expected, with some plausibility relies upon certain language of the two sections designated in its amended answer. Sec. 1346(b) provides:

"Subject to the provisions of chapter 171 of this title, the district courts * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * *."

Sec. 2680 provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a feder-

al agency or an employee of the Government, whether or not the discretion involved be abused."

We find not a single case in those cited by the government or in the many others which we have read wherein it has been held that a court was without jurisdiction in the sense that it was powerless to adjudicate. It is true a number of cases discuss jurisdiction but not in the sense which we have stated, nor do we think it was used by Congress in that vein. In our view, Sec. 1346(b) conferred general jurisdiction of the subject matter of claims coming within its purview, and the exceptions referred to are available to the government as a defense only when aptly pleaded and proven. If this view be correct, we discern no reason why the government the same as any other party-defendant should not be held to have waived the defense. Rule 12(h), Federal Rules of Civil Procedure, 28 U.S.C. It also must be admitted that the view which we take as to the time and manner of raising this so-called jurisdictional defense finds little direct support in the authorities. The single case is that of Boyce v. United States, D.C., 93 F.Supp. 866. There, the court stated, 93 F.Supp. at page 868:

"Unless the pleadings show upon their face the applicability of the 'discretionary function' exception contained in Section 2680(a), *supra*, the same must be raised by way of an affirmative defense and the burden therefore devolves upon the Government to establish its applicability."

However, our view that the court obtained general jurisdiction of the subject matter with the power to adjudicate finds strong support in Feres, Executrix v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L. Ed. 152. While the question presented there was different from that here, yet the court had before it actions predicated upon Sec. 1346(b). Referring to that section the court stated, 340 U.S. at page 138, 71 S.Ct. at page 155:

"The Act does confer district court jurisdiction generally over claims for money damages against the United States founded on negligence."

Again, and more important, the court stated 340 U.S. at page 140, 71 S.Ct. at page 156:

"Looking to the detail of the Act, it is true that it provides, broadly, that the District Court 'shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * *.' This confers jurisdiction to render judgment upon all such claims. But it does not say that all claims must be allowed. Jurisdiction is necessary to deny a claim on its merits as matter of law as much as to adjudge that liability exists. We interpret this language to mean all it says, but no more. Jurisdiction of the defendant now exists where the defendant was immune from suit before; it remains for courts, in exercise of their jurisdiction, to determine whether any claim is recognizable in law."

This language and reasoning as applied to the instant situation means that the court acquired general jurisdiction to hear and decide the case. It was then for the court to determine whether the claim for damages was recognizable in law. In making such determination, the court as in any other law suit was called upon to decide if the plaintiffs had proven their claim as alleged so as to bring it within the statute relied upon. If so, the plaintiffs were entitled to a judgment against the government unless the latter aptly pleaded an exception contained in Chap. 171 and carried the burden of proving such plea. Obviously, in the latter instance the government would be entitled to a judgment in its favor.

The word "jurisdiction" is an illusive and uncertain characterization, depending upon the environment in which it is employed. It must be fundamental that if a court is without jurisdiction of the subject matter it is without power to adjudicate and the case could be properly disposed of only by dismissal of the complaint for lack of jurisdiction. In all of the cases, so far as we are aware, the so-called jurisdictional issue sought to be invoked here was aptly raised either by a motion to dismiss or by answer. As noted, however, there is no case where such an issue was raised after

the mandate of a reviewing court or even after trial. It is true that in some of the cases a defense under 2680(a) is treated and considered as jurisdictional, but in most of those cases judgment was ordered for the government. Typical is the recent case of In re Texas City Disaster Litigation, 5 Cir., 197 F.2d 771, wherein the Court of Appeals reversed a judgment against the government. At least one of the reasons assigned was that the District Court was without jurisdiction under 2680(a). The court, however, did not reverse the judgment with directions to dismiss the complaint but rendered judgment for the government. This must mean that the court treated the jurisdictional issue as one of defense rather than an impairment of its power to adjudicate. See also United States v. Campbell, 5 Cir., 172 F.2d 500, and United States v. Eleazer, 4 Cir., 177 F. 2d 914.

 The position which the government urges upon us is inimical to all reason, logic and common sense. Its acceptance would lead to incongruities which should be avoided if possible. Finality in litigation could never be certain. It would always be dependent upon action by the government taken today, next month, next year or ten years from now, either by direct or collateral attack. And projecting the thesis to an extreme conclusion, we suppose that even after the judgment had been satisfied the government could sue and recover for monies paid under a void judgment. Another incongruity would arise relative to the allegations of a complaint essential to give the court jurisdiction of the subject matter under 1346(b). It is a universal rule, so far as we are aware, that a party who invokes the jurisdiction of a federal court must allege all facts necessary to give the court jurisdiction of the subject matter. If the government's position were sustained, it would require a plaintiff in his complaint, in order to show jurisdiction, to negative all the provisions of Chap. 171. Under Sec. 2680 of that chapter, not to mention the other provisions, thirteen exceptions, from (a) to (m), inclusive, are enumerated and the necessity for negativing such exceptions in the complaint would impose upon the

plaintiff the burden of proving such negative averments. Such a result would border on the preposterous. In contrast, the view which we take of the situation does not require that the provisions of Chap. 171 be negatived in a complaint in order to confer general jurisdiction. If the government desires to rely upon any of such provisions it has a right to do so in defense of the action, providing such defense is aptly pleaded and proven.

■ It is our conclusion and we so hold that the court properly rejected the defense invoked by the government in its amended answer and that there was no error in striking the testimony in support thereof. In fact, the court might well have refused to hear such testimony. Our conclusion leaves no occasion to consider other arguments advanced by the government.

The judgment appealed from is affirmed.