Calvin M. ANDERSON, Plaintiff,

v.

The Honorable Benjamin F. BAILAR, Postmaster General of the United States Postal Service, the Honorable James E. Workman, Jr., Postmaster/Sectional Center Manager of the United States Postal Service, Jacksonville Sectional Center Facility, the United States Postal Service, and United States of America, Defendants.

No. 76–340–Civ–J–C.

United States District Court, M. D. Florida, Jacksonville Division.

Oct. 21, 1978.

Roy E. Dezern, Jacksonville, Fla., for plaintiff.

John L. Briggs, U. S. Atty., Ernst D. Mueller, Asst. U. S. Atty., Jacksonville, Fla., for defendants.

## MEMORANDUM OPINION

CARR, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.,* and its jurisdictional counterpart 28 U.S.C. § 1346. The case is presently before the Court on the Defendants' Motion to Dismiss the Complaint filed on May 19, 1978.

■ The Court notes at the outset that jurisdiction is lacking with respect to the individual named Defendants. Only claims against the United States are included within the jurisdiction of the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b).[1] No basis for ancillary jurisdiction has been asserted. Thus, the Motion to Dismiss, as it is based on this ground, must be granted as to all Defendants except the United States. *See Myers and Myers, Inc. v. United States Postal Service,* 527 F.2d 1252, 1256 (2d Cir. 1975).

With the claim against the United States remaining, the Court must now address itself to the arguments presented as to that Defendant. The Defendants contend that the Plaintiff's claim falls within the "discretionary function" exception of 28 U.S.C. § 2680(a)[2], thus depriving the Court jurisdiction to consider the merits. The Plaintiff, on the other hand, asserts that the § 2680(a) exception constitutes only an affirmative defense, and that the Defendants' failure to plead it in the answer to the complaint constitutes a waiver of the defense. The Plaintiff in the alternative contends that the claim is not within the aegis of § 2680(a).

Two questions are thus posed for the Court's consideration: (1) Is the § 2680(a) exception jurisdictional such that it may be raised by the Defendants at any time? *See* Rule 12(h)(3) *F.R.Civ.P.* (2) If so, is the § 2680(a) exception applicable here? For the reasons set forth below, the Court finds that both questions must be answered in the affirmative.

The Complaint generally states that the plaintiff began his employment with the Defendants in 1961. He suggested at that time that the Post Office Department design and utilize a special precanceled postage stamp to be used during the month of December. The Plaintiff states that he periodically submitted the same suggestion through the years of his employment. The Plaintiff was advised on each occasion that his suggestion had been rejected. In 1974, the Post Office did use a precanceled, perforated stamp. As a result of this, the Plaintiff claims that he is entitled to a cash award under 5 U.S.C. § 4503.[3] The Complaint alleges $25,000 in damages.

The Defendants contend that the question of whether or not to grant a cash award is entirely discretionary and thus cannot be the basis of liability under the Federal Tort Claims Act.

I.

The Plaintiff cites *Stewart v. United States,* 199 F.2d 517 (7th Cir. 1952), for the proposition that the § 2680(a) exception is an affirmative defense which must be raised in the Answer, and that failure to do so will be deemed to be a waiver of that defense. In *Stewart,* the Government was granted a summary judgment in a Federal Tort Claims Act action. The Plaintiffs appealed and the Court of Appeals reversed, holding that the plaintiffs were entitled to recover. *Stewart v. United States,* 186 F.2d 627 (7th Cir. 1951), *cert. denied,* 341 U.S.

1. "Subject to the provisions of chapter 171 of this title (the Federal Tort Claims Act), the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."

2. The provisions of this chapter and section 1346(b) of this title shall not apply to: (a) any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance of the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

3. The head of an agency may pay a cash award to, and incur necessary expense for the honorary recognition of, an employee who—(1) by his suggestion, invention, superior accomplishment, or other personal effort contributes to the efficiency, economy, or other improvement of government operations; or (2) performs a special act or service in the public interest in connection with or related to his official employment.

940, 71 S.Ct. 1000, 95 L.Ed. 1367 (1951). After remand, the Government was allowed to amend its original answer. In so doing, the § 2680(a) exception was raised as a jurisdictional bar. The District Court ruled adversely to the Government on this issue and the Government appealed. The Court of Appeals affirmed, finding that 28 U.S.C. § 1346(b) "conferred general jurisdiction of the subject matter of claims coming within its purview, and the exceptions referred to (28 U.S.C. § 2680(a)–(n)) are available to the Government as a defense only when aptly pleaded and proven." *Stewart v. United States*, 199 F.2d at 519. The Court in *Stewart* noted that the Government had "procured a summary judgment in its favor, thereby representing that the court had jurisdiction. It sought an affirmance of such judgment in this court and thereby again represented that the District Court had jurisdiction. After it had been defeated on the merits, this jurisdictional question was raised for the first time." *Id.* at 518.

The subsequent case law which addresses this point seems to be a "patchwork quilt". *See Blessing v. United States*, 447 F.Supp. 1160, 1167 (E.D.Pa.1978). The weight of authority, however, holds that the § 2680(a) exception is jurisdictional. In *Smith v. United States*, 546 F.2d 872 (10th Cir. 1976), the Court states:

"The Federal Tort Claims Act waives the Government's immunity from suit in sweeping language." *United States v. Yellow Cab Co.*, 340 U.S. 543, 547, 71 S.Ct. 399, 95 L.Ed. 523 (1951). However, the waiver in 28 U.S.C.A. § 1346(b) is limited by the several exceptions in 28 U.S.C.A. § 2680. If one of these exceptions is applicable, "(t)he provisions of this chapter and § 1346(b) of this title shall not apply . . ." 28 U.S.C.A. § 2680. In such a case, a District Court must dismiss for lack of subject matter jurisdiction."

*Id.* at 876. *See also, Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975); *Myers and Myers, Inc. v. United States Postal Service, supra; Griffin v. United States*, 500 F.2d 1059, 1063 (3d Cir. 1974); *United States v. Taylor*, 236 F.2d 649, 652

(6th Cir. 1956); *appeal dismissed*, 355 U.S. 801, 78 S.Ct. 6, 2 L.Ed.2d 19 (1957); *Konecny v. United States*, 388 F.2d 59, 62–63 (8th Cir. 1967); *Bub Davis Packing Co., Inc. v. United States*, 443 F.Supp. 589, 593 (W.D. Tex.1977).

The leading Supreme Court case on the § 2680(a) exception, while not specifically deciding this issue, contains language which is highly persuasive. That Court in *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), stated:

Turning to the interpretation of the (Federal Tort Claims) Act, our reasoning as to its applicability to this disaster starts from the accepted jurisprudential principle that no action lies against the United States unless the legislature has authorized it . . . our decisions have interpreted the Act to require clear relinquishment of sovereign immunity to give jurisdiction for tort actions.

*Id.* at 30, 31, 73 S.Ct. at 965. Section 2680(a) reflects an effort by Congress to protect the Government from claims based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty. As a result, sovereign immunity is not waived with regard to any claim which falls within one of the § 2680 exceptions, and jurisdiction under 28 U.S.C. § 1346(b) is lacking. Thus, the Court finds that the § 2680(a) exception is jurisdictional and may be properly raised at this stage of the litigation.

II.

In support of the contention that the claim in this case falls within the "discretionary function" exception, the Defendants cite the case of *Shaller v. United States*, 202 Ct.Cl. 571 (1973), *cert. denied*, 414 U.S. 1092, 94 S.Ct. 723, 38 L.Ed.2d 549 (1973). The plaintiff in *Shaller* received an incentive award of $300 under 5 U.S.C. § 4501, *et seq.* His action in the Court of Claims asserted that he was entitled to an award of $1,568,-000 for his contributions made to the Polaris missile program. In the course of its decision the Court of Claims held that as a

matter of law the plaintiff was not entitled to recover the additional award, the Court of Claims observed that, "Under incentive awards, legislation (particularly 5 U.S.C. § 4501 *et seq.* and its predecessor statute, 5 U.S.C. § 2121 *et seq.*) heads of government agencies have discretion to make or not make awards, and to tailor the awards as they see fit in accordance with administrative regulations." *Id.* at 596.

While this Court is not necessarily bound by a decision of the Court of Claims, the Court feels that the *Shaller* court correctly interpreted the incentive awards statutes noted in the above quotation.

After consideration of the leading cases which apply the § 2680(a) exception, the Court concludes that the discretion exercised in this case falls within that exception. The Supreme Court in *Dalehite v. United States, supra,* states as follows:

> It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the "discretionary function or duty" that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of the programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision, there is discretion.

*Id.* 346 U.S. at 35–36, 73 S.Ct. at 968.

The broad standard of *Dalehite* has been circumscribed somewhat. *See Indian Towing Co. v. United States* 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1956); *Rayonier Inc. v. United States,* 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957). The Fifth Circuit has said: "It is not a sufficient defense for the government merely to point out that some decision making power was exercised by the official whose act was questioned . . . (T)he question at hand here is the nature and quality of the discretion involved in the acts complained of." *Smith v. United States,* 375 F.2d 243, 246 (5th Cir. 1967); *cert. denied,* 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967). *See also Moyer v. Mar-*

*tin Marietta Corp.,* 481 F.2d 585, 594–597 (5th Cir. 1973). In determining which discretionary acts should be shielded by § 2680(a), the Courts should be guided in part by the separation of powers doctrine and the proper role of the judiciary. *See Smith v. United States,* supra at 247–248. "(S)tate tort standards cannot adequately control those governmental decisions in which, to be effective, the decision–maker must look to considerations of public policy and not merely to established professional standards or to standards of general reasonableness." *Hendry v. United States,* 418 F.2d 774, 783 (2d Cir. 1969) (withholding a ship's officer's license was held not to be protected by the discretionary function exception where the determination that the officer was unfit for duty was based on allegedly negligent psychiatric examinations performed by employees of the U.S. Public Health Service.) *See also Gray v. United States,* 445 F.Supp. 337, 340 (S.D. Tex.1978). ("The discretionary acts sought to be exonerated by § 2680(a) must be conduct that brings to bear policy judgments . . . .").

The purpose of the Governmental Employees Incentive Awards Program is "to improve Government operations and to recognize civilian employees by incentive awards." 5 C.F.R. § 451.101 (1977). The implementation of this legislation involves, of necessity, policy judgments to be made by heads of government agencies. The nature of these decisions compel the conclusion that they are included within the § 2680(a) exception. Thus, the Court lacks subject matter jurisdiction in this case.

An Order in accordance with this Opinion shall be entered simultaneously herewith.