**Anna CARLYLE, Guardian of the Estate of Henry Robinson, Jr., Plaintiff-Appellant,**

v.

**UNITED STATES of America, DEPARTMENT OF THE ARMY, Defendant-Appellee.**

No. 80–1068.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1981.

Decided March 30, 1982.

John G. Konkel, Charfoos & Charfoos, Andrienne Southgate, Detroit, Mich., for plaintiff-appellant.

James K. Robinson, U. S. Atty., Samuel J. Behringer, Jr., Patricia G. Reeves, Asst. U. S. Attys., Detroit, Mich., for defendant-appellee.

Before MARTIN and JONES, Circuit Judges, and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

The facts of this case are distressing and lamentable. On December 1, 1975, plaintiff's ward was standing on the public sidewalk outside the Sheraton Cadillac Hotel in Detroit. He was hit by a bench thrown from a sixteenth floor window by two U.S. Army recruits who were staying at the Hotel in anticipation of their enlistment examinations as a result of arrangements made for them by the Army. The Plaintiff's ward suffered permanent disabling injuries leaving him incompetent.

In a civil action in state court plaintiff took a default judgment for damages against at least one of the recruits and the Hotel. However there is little expectation of recovery on that judgment, partially because the Hotel was in receivership.

The present action was instituted against the United States Department of the Army under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671, et seq. Plaintiff alleged that the Army had been negligent on its own account for creating an unreasonable risk of harm to the public by housing a number of young recruits in the downtown hotel without providing adequate supervision over their conduct.[1] The case was tried to the bench, applying the law of Michigan, as required by the FTCA. Among the facts of record are: 1) The Army was responsible for gathering the recruits at the Hotel—having provided for their transportation to Detroit as well as for their food and lodging; 2) The Army

mailed a letter to each recruit prior to their arrival in Detroit. That letter informed the recruits that alcoholic beverages were forbidden in the rooms, that males and females were not allowed in one another's rooms, and that those recruits who got a good night's rest were likely to do better on the physical and mental examinations the following day than those who spent the night partying; 3) The district court found that the above letter was an attempt by the Army to counsel and supervise the recruits; 4) The Army made no other attempt to supervise the recruits at the Hotel.

The district court granted judgment for the Army. The court not only concluded that the Army had no duty under Michigan law to plaintiff's ward to supervise the recruits at the Hotel, but also concluded that the recruits and the Hotel enjoyed private rights that would have been infringed by the Army if it had attempted to supervise the recruits at the Hotel. There appear to be several bases for the court's conclusion that the Army had no duty to supervise. The court found that the Army had no notice and no other basis to foresee that recruits would throw objects from the Hotel windows. Furthermore, the court held that "The contract hotel was not per se dangerous."

In addition to concluding that the Army had not been negligent, the court also held that the decision whether or not to supervise the recruits, and the extent of any supervision, was a "discretionary" or "planning level" decision of the Army and not a subject for decision at the "operational level." Thus the court concluded that 28 U.S.C. § 2680(a) denied the court jurisdiction to consider any allegation of negligence arising from the "supervisory decision."[2]

---

1. Plaintiff also alleged that the Army was vicariously liable for the negligence of the recruits on a respondeat superior theory. This contention has not been pursued on appeal.

2. In pertinent part 28 U.S.C. § 2680(a) provides:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) Any claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

On appeal, the plaintiff makes several arguments that the district court misapprehended the facts or misapplied the law in determining that the Army had not been negligent. However, whether or not the Army was negligent becomes irrelevant if the district court's conclusion that 28 U.S.C. § 2680(a) prevents review of the "supervisory decision" is correct.

■ Plaintiff argues that judgment for the Army may not be based on the discretionary function exception of § 2680(a) because the Army did not raise § 2680 as a defense in any of the pretrial pleadings. This contention is wholly without merit. Fed.R.Civ.Pro. 15(b) states that issues tried by the express or implied consent of the parties shall be treated in all respects as if they had been raised in the pleadings. Plaintiff's brief concedes that the Army raised the question of the discretionary function exemption at trial in connection with a motion for involuntary dismissal. Furthermore, although plaintiff objects to the admissibility and sufficiency of testimony offered by the Army regarding the discretionary nature of any supervision decision, plaintiff does concede that evidence on the question was offered. From the record it appears that the applicability of the discretionary function exception was argued before the district court and tried by the implied consent of the plaintiff. *See, MBI Motor Co., Inc. v. Lotus/East, Inc.*, 506 F.2d 709 (6th Cir. 1974). Therefore, the issue of the applicability of § 2680(a) must be treated as if raised in the pleadings.

Plaintiff argues that the Army failed to prove the applicability of the discretionary function exception by sufficient admissible evidence to support a finding. Plaintiff contends that the Army produced no evidence to show that the decision whether to place supervisory personnel in the Hotel was anything but an operational level decision. It is plaintiff's position that the burden of proof was on the Army to show the applicability of § 2680(a), and that failing such proof, the discretionary function exception cannot be the basis of a judgment for the Army.

Plaintiff's argument misapprehends the effect of § 2680. It is true that some courts have suggested that the exceptions of § 2680 are defenses to be pled and proven by the government. One such case is *Stewart v. United States*, 199 F.2d 517 (7th Cir. 1952), cited by the plaintiff. However, as the court in *Stewart* stated, "It is a universal rule, so far as we are aware, that a party who invokes the jurisdiction of a federal court must allege all facts necessary to give the court jurisdiction of the subject matter." *Id.* at 520.

■■ We disagree with *Stewart* to the extent that it holds that a plaintiff may invoke jurisdiction under 28 U.S.C. § 1346(b) without regard to the requirements of § 2680. Because § 2680 clearly limits the jurisdiction of the federal courts, *see, e.g., Morris v. United States*, 521 F.2d 872 (9th Cir. 1975); *Gibson v. United States*, 457 F.2d 1391 (2d Cir. 1972), a plaintiff can invoke jurisdiction only if the complaint is facially outside the exceptions of § 2680. This does not mean, as the Seventh Circuit suggested in *Stewart*, that the plaintiff must disprove every exception under § 2680 to establish jurisdiction pursuant to the FTCA. What it does mean is that a plaintiff may not invoke federal jurisdiction by pleading matters that clearly fall within the exceptions of § 2680. Only after a plaintiff has successfully invoked jurisdiction by a pleading that facially alleges matters not excepted by § 2680 does the burden fall on the government to prove the applicability of a specific provision of § 2680. Any other reading of 28 U.S.C. § 1346(b) and § 2680 would conflict with the general rule that a party invoking federal jurisdiction must allege facts necessary to establish subject matter jurisdiction.

■ In the present case the plaintiff's claim is based on the contention that the Army was negligent in housing recruits in the Cadillac Sheraton Hotel and not providing on-the-premises supervision of those recruits. Clearly the district court was correct in concluding that whether or not to supervise at the Hotel, and the extent of any such supervision, was a planning level,

discretionary function not subject to operational level decision. As this Court stated in *Downs v. United States*, 522 F.2d 990 (1975), Congress intended the FTCA to encompass torts committed by federal employees performing their day-to-day activities, but not to those activities which entail the formulation of governmental policy, whatever the rank of those so engaged. Whether the Army decided to conduct enlistment examinations in Detroit and to contract with a hotel to provide room and board for recruits, or whether the Army chose to conduct the proceedings at a military base, is a planning level, policy-making decision. Whether Army personnel should or should not be placed in a hotel where pre-enlistment recruits are lodged was again a planning level decision. As § 2680(a) clearly states, the courts have no jurisdiction over any claim based on the exercise or performance or failure to exercise or perform these discretionary functions. Therefore, the district court had no jurisdiction over any claim that the Army's decision to house the recruits in the Hotel without supervision created an unreasonable risk and was tortious.

■ The plaintiff's final argument is that the Army voluntarily assumed the duty to supervise the recruits, and having done so was required to exercise due care in the performance of that duty. Plaintiff contends that the Army voluntarily undertook to supervise the recruits by means of the letters to the recruits that detailed the proper conduct at the Hotel. Argument at trial was directed at whether the letters were intended by the Army to supervise the recruits for the benefit of the public, or whether they were intended only to protect and assist the recruits. The plaintiff argues that the court erred in finding that the letters constituted an attempt by the Army to supervise the recruits and then failing to conclude that the Army thus acquired a duty to exercise due care by placing supervisory personnel in the Hotel.

This argument again fails to assert a claim sufficient to establish jurisdiction under the FTCA. Any decision to supervise only by means of letters and not to place personnel in the Hotel was a discretionary function and outside federal jurisdiction. The plaintiff's argument might be meritorious if the Army had in fact decided to place a supervisor in the Hotel only to have that person leave his post. If such had been the case, the plaintiff might properly claim that the conduct of the on-site supervisor was an operational act subject to review under the FTCA, even though the decision to place a supervisor in the Hotel was clearly a planning level, discretionary function.

This example does not state the facts of the present case. The plaintiff here argues only that having undertaken to supervise by means of a letter, the Army had a duty to do more in the way of supervision. However the decision to only supervise by mail, and not to supervise on the premises, is the very sort of discretionary function excepted by § 2680(a).

For reasons stated above the judgment of the district court is AFFIRMED.