GERALDINE BURNS, P.P.A., and
individually, Plaintiff,

v.

UNITED STATES, et al., Defendants.

Civ. A. No. 84–2420–T.

United States District Court,
D. Massachusetts.

Sept. 4, 1985.

Albert E. Grady, John T. Yunits, Jr., Office of Albert E. Grady, Brockton, Mass., for plaintiff.

Marianne B. Bowler, Asst. U.S. Atty., for Federal defendants, Major Craig P. Niederpruem, Office of the Judge Advocate General, Dept. of Army, Washington, D.C., of counsel.

Margaret B. Drew, Dedham, Mass., for Sgt. Burns.

## MEMORANDUM AND ORDER

TAURO, District Judge.

This is an action for damages brought by Geraldine Burns, individually and on behalf of her minor children, against the United States, John O. Marsh, Jr., Secretary of the Army, General Bernard W. Rogers, Lt. Col. Roger S. Seymour, and her estranged husband, Master Sergeant Richard R. Burns, for depriving her of lawful custody of her children. Plaintiff's complaint includes an implied cause of action under the Fifth Amendment and claims under 42 U.S.C. § 1985 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. All of the defendants have moved to dismiss, except Sgt. Burns.

Plaintiff alleges that the Army transferred Sgt. Burns in 1978 from North Carolina to West Germany and gave him permission to take the children, when Army officials knew or should have known that Mrs. Burns had been granted permanent custody of the children. She also contends that, since 1978, the Army has refused to return Burns or the children to the United States and has granted him several extensions of his tour of duty in Germany.

At the outset, it should be noted that plaintiff's claim under 42 U.S.C. § 1985 must be dismissed. Plaintiff has failed to allege the existence of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus," which is a necessary element of a claim under 42 U.S.C. § 1985(3). *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1970). Likewise, 42 U.S.C. § 1985(1) requires plaintiff to show some interference with the "discharge of his official duties" by a federal officer, or injury to the federal officer "on account of his lawful discharge of the duties of his office." Plaintiff has failed to make any such claim. Furthermore, 42 U.S.C. § 1985 does not provide relief against federal officers "acting under color of federal law." *Seibert v. Bapist,* 594 F.2d 423, 429 (5th Cir.1979); *Mack v. Alexander,* 575 F.2d 488, 489 (5th Cir.1978); *Lofland v. Meyers,* 442 F.Supp. 955 (S.D.N.Y.1977). Plaintiff's claims under 42 U.S.C. § 1985 must be dismissed.

Moreover, plaintiff's constitutional claim against the United States is barred by sovereign immunity. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 410, 91 S.Ct. 1999, 2011, 29 L.Ed.2d 619 (1970) (Harlan, J., concurring). Remaining are plaintiffs *Bivens* claim against the army officials acting in their individual capacities, and the tort claim against the United States.

The tort claim is defective in two respects. First, it is clear that, insofar as plaintiff challenges the Army's refusal to deliver Sgt. Burns or the children from overseas, the claim must be dismissed under the discretionary function exception to

the FTCA, 28 U.S.C. § 2680(a). The Army's refusal is in accord with Army policy which provides for delivery of service members to civil authorities "upon presentation of a proper request [from the authorities] accompanied by reliable information showing that there is reasonable cause to believe that the person requested has committed a crime or offense made punishable by the laws of the jurisdiction making the request." 32 C.F.R. § 503.2 (1984). This policy is not subject to attack under the FTCA. *See, e.g., Carlyle v. United States, Dept. of the Army,* 674 F.2d 554 (6th Cir. 1982).

■ Arguably, the Army's initial approval of Sgt. Burns's request to take the children with him amounted to "operational" negligence outside the scope of the discretionary function exception. Plaintiff's administrative tort action, however, was not filed until 1983. Its underlying claim accrued in 1978 and, therefore, is barred by the FTCA's two-year statute of limitations. 28 U.S.C. § 2401(b).

Plaintiff's *Bivens* claim against the Army officials is also defective. There is a serious question as to whether this is the proper venue for that claim, since nationwide venue under 28 U.S.C. § 1391(e) is not available, *see Stafford v. Briggs,* 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980), and the requirements of 28 U.S.C. § 1391(b) have not been met. The defendants reside, and the claim arose, elsewhere. Even if venue is appropriate, however, plaintiff's *Bivens* claim must be dismissed because plaintiff's allegations fail to pierce defendant's qualified immunity.

■ Defendants are immune from liability for civil damages unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1981). Plaintiff does not seriously challenge the constitutionality of the Army's policy with regard to delivery of service members to civil authorities. Plaintiff cites no authority for the proposition that Army officials have a constitutional duty to enforce state court

orders in general, or custody decrees in particular. Indeed, the case law is to the contrary. *See Leonhard v. Mitchell,* 473 F.2d 709, 713 (2nd Cir.1973); *Burns v. Marsh,* No. 81–1663, slip op. at 3 (D.Mass. July 14, 1981).

To the extent that Due Process, or state criminal law, may prohibit Army officials from aiding or abetting an individual to leave a jurisdiction with the intent of avoiding a valid custody decree, plaintiff has failed to allege that defendants even knew about Sgt. Burns' transfer or the custody decree. Thus, plaintiff has failed to allege that defendants were personally involved in, or deliberately indifferent to, any violation of plaintiff's rights—a prerequisite to holding them liable. *See Rizzo v. Goode,* 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976); *Gilmore v. Buckley,* 608 F.Supp. 554, 558 (D.Mass.1985).

For these reasons, defendants' motion to dismiss is allowed.

So ordered.