In re Daniel STERNER, i/t/a Sterner Four Seasons and Gayle Sterner, Debtors.

BOMBARDIER CREDIT CORP., INC., Plaintiff,

v.

Daniel STERNER, i/t/a Sterner Four Seasons and Gayle Sterner, Defendants.

Bankruptcy No. 5–87–00470.
Adv. No. 5–87–0180.

United States Bankruptcy Court, M.D. Pennsylvania.

Sept. 21, 1989.

---

Stephen G. Bresset, Honesdale, Pa., for plaintiff.

Scott W. Naus, Bloomsburg, Pa., for defendants.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the Court on Complaint of Bombardier Credit Corp., Inc. (hereinafter "plaintiff") requesting that the Court find the debt owed to it by Daniel Sterner, i/t/a Sterner Four Seasons and Gayle Sterner (hereinafter "debtors") nondischargeable pursuant to 11 U.S.C. § 727. For the reasons provided herein we find that the plaintiff has not met its burden of proof under § 727 and we further find the debt in question dischargeable.

At the time of trial, the parties stipulated to the following facts. The plaintiff possessed a valid and perfected security interest in inventory of snowmobiles that were maintained by the debtors in the operation of their business known as Sterner Four Seasons. The parties agreed that during the operation of the business the debtors sold snowmobiles and, contrary to the agreement, did not remit the proceeds of the sales to the plaintiff nor did debtors deposit the proceeds into a separate trust account until such time as the debt to the plaintiff was paid in full.

Additionally, on both direct and cross examination, Daniel Sterner testified that the proceeds from the sale of snowmobiles were used to pay his salary and other business expenses such as utilities. A review of the Stipulation between the parties as presented by plaintiff's attorney and the testimony of the male debtor reflect that almost all facts essential to establishing a

cause of action to render the debt nondischargeable under § 727(a)(2) were admitted, except the requirement that the transfer of debtors' property be made within one year of the date of the filing of the petition.

After presenting to the Court the stipulated facts the plaintiff rested its case. Thereafter, the primary evidence adduced by the examination of the debtor was that the debtor ceased doing business well before one year prior to the filing of the bankruptcy petition. In fact, the testimony indicates at several times that the business ceased in either late 1985 or January of 1986. The petition was filed on or about July 16, 1987. The acts complained of took place well beyond the one year period prior to the filing of the bankruptcy petition.

The plaintiff, at the time of the hearing, presented no evidence contrary to defendants' testimony concerning the time of the cessation of the business. In fact, the plaintiff made no objection whatsoever to this testimony. Thereafter, approximately one month after the time of trial, the plaintiff filed a Supplemental Brief and for the first time raises an objection to defendant's position that the transfers were made outside the one year period prior to bankruptcy. Thus, the primary issue for resolution becomes not whether the plaintiff established the substantive elements of a fraudulent transfer under § 727(a), but whether or not the defendant timely raised a defense of the limitation period provided by § 727 at the time of the trial.

Plaintiff claims that this defense was clearly an affirmative defense and must have been specifically pleaded or deemed waived and excluded as an issue at the time of trial. Further, plaintiff argues that the defendants were under an obligation to raise their defenses as early as possible in the proceeding, but, instead, they chose not to raise it in their answer nor in any pretrial motions and, in fact, not until the plaintiff had rested. Finally, plaintiff asserts that the defendant also failed to substantiate the defense even should this court consider the defense.

The section of the Bankruptcy Code upon which the plaintiff relies is 11 U.S.C. § 727(a) which provides as follows:

§ 727. Discharge

(a) The court shall grant the debtor a discharge, unless

(1) the debtor is not an individual;

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

Rule of Bankruptcy Procedure 4005 (Burden of Proof in Objecting to Discharge) provides that: "At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection."

Plaintiff, who had the burden of proving all issues raised under 11 U.S.C. § 727, failed to present any evidence to show that transfers were made within a year of the bankruptcy. The pleadings, contrary to plaintiff's position, did present denials of the allegations of the fraudulent conveyances under § 727 and as such, the time of transfers were in issue. Additionally, the defendant was subject to pretrial discovery by deposition by the plaintiff and by the plaintiff's own admission, the deposition was fairly extensive. (See N.T. 4). Finally, we note plaintiff's objection that defendant raised an untimely defense was not made at the time of trial and, in particular, at the time of presentation of the defense through the testimony of the defendant's witness. In fact, the objection was raised approximately one month after the hearing date in a Supplemental Brief filed by the defendant. Without objection being made at the time the evidence was introduced in trial the plaintiff cannot now claim it suffered surprise or that the case was prejudiced by the receiving of the evidence.

Plaintiff's right to a fair trial free from surprise was not violated. See *Carlyle v. United States, Department of the Army*, 674 F.2d 554 (6th Cir.1982); *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 458 (10th Cir.1982); *Jones v. Miles*, 656 F.2d 103 (5th Cir.1981); *Gallegos v. Stokes*, 593 F.2d 372 (10th Cir.1979); *Mason v. Hunter*, 534 F.2d 822 (8th Cir.1976); *Maser v. Lipshutz*, 360 F.2d 275 (3rd Cir.1966); *Kaye v. Smitherman*, 225 F.2d 583, 593, 594 (10th Cir.1955), *cert. denied*, 350 U.S. 913, 76 S.Ct. 197, 100 L.Ed. 800 (1955); *Moore's Federal Practice*, Vol. 2A at ¶ 8.27[3] at pages 8–182 through 8–188.

Consequently, we find that the evidence presented at time of trial supports defendants' defense that the transfers in question occurred well before the one year period preceding the filing of the bankruptcy and, therefore, we find that the plaintiff has not met its burden of proving that the debt in question should be rendered nondischargeable under 11 U.S.C. § 727(a).

## ORDER

AND NOW, at Wilkes–Barre, this 21st day of September, 1989, it is hereby

ORDERED that the complaint of the plaintiff, Bombardier Credit Corp., Inc. against the debtors, Daniel Sterner, i/t/a Sterners Four Seasons and Gayle Sterner, is hereby dismissed; and further

ORDERED that any debt owing by the debtors/defendants to the creditor is hereby discharged; and further

ORDERED that the clerk of the court shall enter this document as the judgment of the court.