Curtis J. RAISIG, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1:98–CV–453.

United States District Court,
W.D. Michigan,
Southern Division.

Nov. 30, 1998.

Theodore P. Hentchel, Jr., Hentchel & Hicks Associates, Battle Creek, MI, for Curtis J. Raisig.

Michael L. Schipper, Asst. U.S. Attorney, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, for United States of America, (substituted for Marcus Stanley Blair).

## OPINION

QUIST, District Judge.

Plaintiff, Curtis J. Raisig ("Raisig"), filed a claim for malicious prosecution against United States Postal Service supervisor Marcus Stanley Blair ("Blair") in the Circuit Court for the County of Kalamazoo, State of Michigan. Certification was made by Michael H.

Dettmer, United States Attorney for the Western District of Michigan, that Blair was acting within the scope of his employment with the United States Postal Service at the time of the incident alleged in the Complaint. Pursuant to the Certification, the United States of America was substituted as the party Defendant under 28 U.S.C. § 2679(d)(2). The United States then removed the case to this Court as required by 28 U.S.C. § 2679(d)(2).

The United States has moved to dismiss this case for lack of jurisdiction over the subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Raisig's claim for malicious prosecution cannot be brought against the United States pursuant to the Federal Tort Claims Act("FTCA"), 28 U.S.C. §§ 2671 to 2680. Plaintiff has challenged the substitution of the United States as Defendant, arguing that Blair was not acting in the scope of his employment, and therefore Plaintiff's malicious prosecution claim is not barred by the FTCA. The sole issue remaining before this Court is whether Blair was acting within the scope of his employment under the FTCA. *See Raisig v. United States*, Case No. 1:98–CV–453, slip op. at 5–6 (W.D.Mich. Sept. 21, 1998).

### Facts

On December 12, 1994, an incident took place between Raisig and Blair while both were employees of the United States Postal Service in Kalamazoo, Michigan. At approximately 2:00 p.m. on December 12, 1994, Raisig allegedly attempted to enter the men's restroom, which was closed for cleaning. Blair, who was Raisig's supervisor, allegedly stood in front of the restroom door and told Raisig to return to his work station until the restroom was clean. At this point, Blair alleges that Raising yelled at him and grabbed him by the arm, pushing him in an attempt to get into the restroom.

Because of Raisig's history of alleged "disruptions, verbal threats and physical assaults," Blair was specifically told prior to the incident on December 12, 1994, "to immediately contact postal inspectors when Mr. Raisig was involved in any verbal or physical altercations." (Locke Aff. ¶ 7, Def.'s Br.Ex. A.) In accordance with this instruction, Blair reported to the United States Postal Inspectors that he had been assaulted by Raisig. (*See id.* ¶ 8.) The incident was brought before a federal grand jury, and an indictment was brought against Raisig for violation of 18 U.S.C. § 1114 for assaulting Blair at a time when Blair was engaged in official duties of the United States Postal Service. On March 27, 1996, the charges against Raisig were dismissed with prejudice by the United States Attorney's Office. Raisig subsequently filed this suit for malicious prosecution, claiming that Blair lied to the postal inspectors and the grand jury about the alleged assault.

### Standard

As a court of limited jurisdiction, this Court must proceed with caution in deciding that it has subject matter jurisdiction. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1252 (6th Cir.1996) (citing *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)). The federal courts have subject matter jurisdiction only to the extent it is granted by either the Constitution or act of Congress. *See id.* (citations omitted). "Ordinarily, the party claiming subject matter jurisdiction bears the burden of proof." *Alef v. United States*, 990 F.Supp. 932, 933 (W.D.Mich.1997). As a result, "in actions under the FTCA, the plaintiff must invoke jurisdiction by alleging facts not excepted under 28 U.S.C. § 2680." *Id.* " the plaintiff succeeds, 'the burden fall[s] on the government to prove the applicability of a specific provision of § 2680.'" *Id.* (quoting *Carlyle v. United States*, 674 F.2d 554, 556 (6th Cir.1982) (alteration in original)).

### Analysis

"[D]istrict court jurisdiction over civil actions against the government for the acts or omissions of its employees is dependent on whether the particular employee is 'acting within the scope of his office or employment.'" *Flechsig v. United States*, 991 F.2d 300, 302 (6th Cir.1993) (quoting 28 U.S.C. § 1346(b)). If Blair was not acting within the scope of his federal employment, the United States cannot be substituted as the defendant, and the court would lack jurisdiction over the action. *See id.*

■ The certification by the U.S. Attorney's Office that Blair was acting within the scope of his employment at the time of the incident is a conclusive determination only for purposes of removal. A plaintiff who is dissatisfied with the determination by the United States Attorney that the incident was within the employee's scope of employment may challenge the certification judicially. *See Arbour v. Jenkins,* 903 F.2d 416, 421 (6th Cir.1990). However, the certification is prima facie evidence that the employee was acting in the scope of his employment, and "shifts the burden to the plaintiff to prove by a preponderance of the evidence that the defendant federal employee was acting outside the scope of his employment." *Gutierrez de Martinez v. DEA,* 111 F.3d 1148, 1153 (4th Cir.1997), *cert. denied,* — U.S. —, 118 S.Ct. 335, 139 L.Ed.2d 260 (1997). The plaintiff must come forward with "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Id.* at 1155.

■ The issue of whether an employee was acting in the scope of his employment is an issue of law, not fact. *See Arbour,* 903 F.2d at 422. Whether an employee's actions are within the scope of his employment under the FTCA is governed by the law of the state where the incident occurred, in this case Michigan. *See Coleman v. United States,* 91 F.3d 820, 823 (6th Cir.1996); 28 U.S.C. § 1346(b).

Michigan follows the Restatement (Second) of Agency in determining whether an act by an employee is within the scope of employment. *See Bryant v. Brannen,* 180 Mich. App. 87, 99, 446 N.W.2d 847, 853 (1989). The Restatement explains:

(1) To be within the scope of employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.

Restatement (Second) of Agency § 229 (1957)(quoted in *Bryant,* 180 Mich.App. at 99–100, 446 N.W.2d at 853). The key issue, therefore, is whether Blair's actions were "of the same general nature as that authorized, or incidental to the conduct authorized." *Id.*

In *Coleman,* the Sixth Circuit examined a "scope of employment" certification based upon facts and law extremely similar to the case before this Court. The plaintiff, Coleman, a USPS employee, allegedly sexually harassed and physically assaulted a coworker, Pinion. After Pinion reported the incident to the Superintendent of Postal Operations, a postal inspector requested that Pinion file criminal charges against Coleman, and Pinion did so. Coleman was acquitted by a jury and subsequently sued Pinion for malicious prosecution. The Attorney General certified that Pinion was acting in the scope of employment and substituted the United States as defendant.

The district court granted Coleman's motion to reinstate Pinion as defendant, reasoning "that because Pinion was neither contractually nor impliedly required to file the criminal complaint against Coleman, she was not acting within the scope of her employment in doing so." *Coleman,* 91 F.3d at 822.

The Sixth Circuit reversed, noting that the scope of employment question cannot "be answered simply by observing that as an accounting technician, it was not part of her normal routine to file criminal charges." *Id.* at 824. The court found that federal employees have " 'a clear duty to report to proper authorities causes of disruption in the services they perform, or affecting such services, at the peril of being indifferent if not derelict in their responsibilities.' " *Id.* (quoting *Preble v. Johnson,* 275 F.2d 275, 278 (10th Cir.1960)). Therefore, because it was proper for Pinion to report her assault to postal authorities, "Pinion's complaint was a logical continuation of USPS internal disciplinary proceedings." *Id.* at 825. "The fact that Pinion's criminal complaint was an indirect rather than a direct outgrowth of the postal disciplinary proceedings is not therefore sufficient to remove Pinion's conduct from the scope of her employment." *Id.*

The court also found it significant that "[p]ostal authorities requested that [Pinion] file the complaint. Although this was a request and not an order from her employer, it certainly suggests an intention on the part of the postal service to bring the filing into the

realm of Pinion's job-related conduct." *Id.* at 824–25.

 In this case, Blair was specifically directed prior to the incident on December 12, 1994, to report any verbal or physical altercation involving Raisig to the postal inspectors. (*See* Locke Aff ¶ 7, Def.'s Br.Ex. A.) Additionally, postal regulations require all threats of bodily harm and actual physical contact or assaults to be immediately reported to the Postal Inspection Service. (*See* USPS Publication 176, ASM 223, at 2–2, and ASM 12, § 228.2, Def.'s Br.Ex. B.) Therefore, there can be no doubt that Blair's reporting of the incident to the postal inspectors was within the scope of his employment.

Additionally, the Court agrees follows the Sixth Circuit's conclusion in *Coleman* that a criminal complaint is "a logical continuation of USPS internal disciplinary proceedings." *Coleman,* 91 F.3d at 825. The case was presented to the United States Attorney's Office for prosecution only after the investigation by the Postal Inspection service was conducted. The criminal complaint is "incidental to the conduct authorized," namely the complaint to the Postal Inspection Service. Restatement (Second) of Agency § 229 (quoted in *Bryant,* 180 Mich.App. at 99, 446 N.W.2d at 853).

Finally, the Court notes that Raisig's opposition to the certification that Blair was acting in the scope of his employment does not include the submission of "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification," but rather consists of "mere conclusory allegations and speculation." *Gutierrez de Martinez,* 111 F.3d at 1155. Therefore, Raisig has not carried his burden of proof to overcome the presumption in favor of the Attorney General's certification.

Because the Court finds that Blair was acting within the scope of his employment, the United States was properly substituted as defendant. *See Flechsig,* 991 F.2d at 302 (quoting 28 U.S.C. § 1346(b)). As noted in this Court's prior opinion, the United States

is immune from lawsuits for malicious prosecution. *See Raisig v. United States,* Case No. 1:98–CV–453, slip op. at 3–4 (W.D.Mich. Sept. 21, 1998); 28 U.S.C. § 2680(h). Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction must be granted.

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted.

An Order consistent with this Opinion will be entered.