**Joseph Herbert MARS, Plaintiff-Appellant,**

v.

**Jack A. HANBERRY, Defendant-Appellee.**

No. 83–1255.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 27, 1984.

Decided Jan. 18, 1985.

Jonathan Golden, Grand Rapids, Mich., for plaintiff-appellant.

Marc L. Goldman, Asst. U.S. Atty., Flint, Mich., Leonard R. Gilman, U.S. Atty., Janice Mann, (argued), Detroit, Mich., for defendant-appellee.

Before MARTIN and CONTIE, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CONTIE, Circuit Judge.

Joseph Herbert Mars appeals the district court's dismissal of his *pro se* complaint alleging negligent treatment by federal prison officials due to Mars' failure to provide a short and plain statement of his claim and the basis of jurisdiction pursuant to Fed.R.Civ.P. 8(a). Mars contends that dismissal was improper and that the district court erred in denying Mars' request for appointment of counsel pursuant to 28 U.S.C. § 1915(d). For the reasons that follow, we affirm.

On July 15, 1981, Mars filed a complaint against "Jack A. Hanberry, et al." seeking $5.2 million for physical abuse and mental damage pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680. On August 27, 1981, "defendants", represented by the United States Attorney's Office filed a motion to dismiss or for a more definite statement, claiming that the court lacked both subject matter and personal jurisdiction, that venue and service were improper, that the complaint failed to state a claim, and that Mars had failed to join an indispensable party. On November 22, 1981, Mars requested the appointment of counsel. The district court granted defendant's motion for a more definite statement and denied Mars' request for appointment of counsel. Mars responded to the court's order by filing a motion for default judgment in which he revealed that his claim was based on an altercation between Mars and prison officers while Mars was a federal prisoner. Mars also alleged that his right to privacy was violated when a prison officer took notes during a visit between Mars and his father. On March 2, 1983, the district court dismissed Mars' complaint pursuant to Fed.R.Civ.P. 8(a) for failure to include a short and plain statement of his claim and the basis of jurisdiction.

It is clear that Mars' complaint stated no basis on which the district court could assert subject matter jurisdiction over Mars' complaint. The United States is the only proper party in an action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), *Woods v. United States*, 720 F.2d 1451, 1452 n. 1 (9th Cir.1983), and the FTCA does not grant federal courts jurisdiction over actions against individual defendants such as federal employees. *Wright v. United States*, 719 F.2d 1032, 1034 (9th Cir.1983); *Davis v. United States*, 667 F.2d 822, 825 (9th Cir.1982); *Boyd v. United States*, 482 F.Supp. 1126, 1128 (W.D.Pa.1980); *Anderson v. Bailar*, 459 F.Supp. 792, 793 (M.D.Fla.1978), *aff'd*, 619 F.2d 81 (5th Cir.), *cert. denied*, 449 U.S.

956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980). "While a claim against a federal employee based on an independent ground of jurisdiction may be joined with a claim against the United States under the FTCA, the Act itself does not provide for an independent cause of action against federal employees once the claim against the United States fails." *Diminnie v. United States,* 728 F.2d 301, 306 (6th Cir.1984). Since Mars does not name the United States as a defendant the district court had no jurisdiction of Mars' claims against defendant Hanberry under the Federal Tort Claims Act. Since Mars' complaint is jurisdictionally defective, we find that dismissal is warranted for lack of subject matter jurisdiction as asserted in the government's motion pursuant to Fed.R.Civ.P. 12(b)(1) regardless of whether the complaint complied with Fed.R.Civ.P. 8(a).

▆▆▆ Appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a *pro se* litigant's claims are frivolous, *Henry v. City of Detroit Manpower Department,* 739 F.2d 1109, 1119 (6th Cir. 1984), or when the chances of success are extremely slim. *Childs v. Duckworth,* 705 F.2d 915, 922 (7th Cir.1983); *McKeever v. Israel,* 689 F.2d 1315, 1320–21 (7th Cir. 1982); *Marlin v. Freake,* 650 F.2d 885, 887 (7th Cir.1981). Since Mars' complaint suffers from fatal jurisdictional defects, Mars has no chance of success based on the facts alleged in the pleadings and appointment of counsel would be a futile act.

Accordingly, the judgment of the district court is AFFIRMED.