815 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly WILSON, Plaintiff-Appellant,
v.
Alvin J. McKENNA; D. Michael Miller; Joyce D. Edelman,
Attorneys-Appellees,
George F. Denton, et al., defendants.
 No. 86-4048.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion to dismiss, the motion for counsel, the informal brief and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The motion to dismiss is not well taken. The motion is essentially a motion to affirm the order of the district court allowing counsel for plaintiff to withdraw. Rule 8(a), Rules of the Sixth Circuit, prohibits the filing of a motion to affirm.
 
 
 3
 A review of the record indicates that the plaintiff initiated a prisoner civil rights action in the district court. This Court affirmed the summary judgment entered by the district court. After the decision was entered in this Court, plaintiff's counsel sought leave to withdraw as counsel in this Court and the district court. The plaintiff had requested counsel to file a petition for writ of certiorari in the United States Supreme Court. Counsel stated in the motions to withdraw that further representation of the plaintiff would violate Disciplinary Rule DR 7-102 of the Code of Professional Responsibility. Both this Court and the district court granted counsel's motions. The plaintiff has appealed from the district court's order granting counsel leave to withdraw.
 
 
 4
 The district court erred in ruling on the motion for leave to withdraw. The district court acquires jurisdiction after the mandate of this Court issues. United States v. DiLapi, 651 F.2d 140 (2nd Cir. 1981), cert. denied, 455 U.S. 938 (1982). The mandate of this Court revesting the district court with jurisdiction had not issued at the time the district court ruled upon the motion. However, such error in ruling on the motion prior to acquisition of jurisdiction was harmless.
 
 
 5
 An indigent civil litigant has no constitutional or statutory right to be represented by counsel. It is not appropriate to provide counsel when the claims are frivolous or when the chances of success are extremely slim. Mars v. Hanberry, 752 F.2d 254 (6th Cir. 1985); Childs v. Duckworth, 705 F.2d 915 (7th Cir. 1983). The circumstances of the case did not justify the continued representation of counsel.
 
 
 6
 It is ORDERED that the motions for counsel and to dismiss be denied and the judgment of the district court be affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.