869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Stuart McDOWELL, also known as Lee William Ormsbee,
Defendant- Appellant.
 No. 88-1520.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1989.
 
 Before ENGEL, Chief Judge, and KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McDowell, a pro se federal prisoner, appeals the district court's denial of his motion for reduction of sentence filed under Fed.R.Crim.P. 35. He was convicted following a jury trial of conspiracy to counterfeit and willful failure to appear. In March 1986, he was sentenced to consecutive sentences of five years and given a $5,000 fine on each count. His conviction was affirmed on appeal. United States v. McDowell, 814 F.2d 245 (6th Cir.), cert. denied, 108 S.Ct. 478 (1987). He argued in his motion that he should be resentenced under the new guidelines of the Sentencing Reform Act. He also moved for the appointment of counsel. The district court denied both motions.
 
 
 3
 Upon consideration, we find no abuse of discretion by the district court in denying the motion for reduction of sentence. The Sentencing Reform Act does not apply to conduct which occurred before November 1, 1987, and does not provide for the resentencing of criminal defendants originally sentenced prior to its effective date. United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987).
 
 
 4
 The district court did not err in denying the motion for appointment of counsel particularly where, as here, McDowell has failed to make any allegation which might have demonstrated that the assistance of counsel would have developed any viable theory for post-conviction relief. Appointment of counsel is inappropriate when a pro se litigant's claim is frivolous. Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir.1985). McDowell's argument that he should now have the assistance of counsel because he was without counsel at his criminal trial is unpersuasive. We have already found on direct appeal that McDowell had knowingly waived his right to counsel at trial and was competent to represent himself. McDowell, 814 F.2d at 249-50.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.