883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gustave A. SAPHARAS, Plaintiff-Appellant,
v.
Richard P. SEITER, John Arbogast, Inspector, Arnold R. Jago;
James K. Jackson, Terry J. Collins, James A. Jones, Melody
L. Turner, Ronald J. Eades, Robin Reed, Janet Schaefer,
Curtis F. Conley, Patricia "Pat" Sharp, John Doe 1-6,
Individually and in their official capacities as members of
prior Supervision Committees, John Doe 7-18, Individually
and in their official capacities as members of the Adult
Parole Authority of the State of Ohio, Defendants-Appellees.
 No. 89-3003.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges; and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Gustave A. Sapharas appeals the summary judgment for the defendant prison officials in this civil rights action filed under 42 U.S.C. Sec. 1983. Sapharas alleged that a prison policy which disqualifies convicted assaultive sex offenders from classification as minimum security honor status is unconstitutional. In addition, Sapharas alleged that the policy is applied arbitrarily in the Ohio prisons.
 
 
 4
 Upon consideration, we conclude that summary judgment was properly granted. First, prisoners enjoy no federally protected right to a particular security classification. Montayne v. Haynes, 427 U.S. 236, 242 (1976). Clearly, the policy does not provide a liberty interest in favor of plaintiff, who is a convicted assaultive sex offender. Further, the policy is amply related to the state's interest in public protection. See Hendking v. Smith, 781 F.2d 850 (11th Cir.1986).
 
 
 5
 Second, defendants established by affidavit that the policy was not arbitrarily enforced. Thereafter, plaintiff failed to show that a genuine issue of material fact remained for trial, and failed to show how further discovery would lead to such a showing. Under these circumstances, summary judgment for defendants was proper. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We also conclude that the denial of plaintiff's motion for appointment of counsel was proper under the circumstances of this case. See Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir.1987); Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir.1985).
 
 
 6
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation