894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Columbus J. SOUTHERLAND, Jr.; Plaintiff-Appellant,
Glenda Kaye McDonald, Plaintiff,
v.
Billy P. WOFFORD; W. Hayes Pickett, Sr., Defendants-Appellees.
 No. 89-5438.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1990.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a) (1989).
 
 
 2
 The plaintiffs in this diversity action alleged that the defendants fraudulently converted their property to satisfy two default judgments that had been entered against them in the Georgia state courts. The defendants moved for summary judgment and/or to dismiss for lack of jurisdiction. A magistrate recommended that this motion be granted because he found that the plaintiffs had failed to comply with a local rule that required a response to the motion, that the plaintiffs had not established in personam jurisdiction over the defendants, and that the plaintiffs were not entitled to relief on the merits. The plaintiffs objected to the report but the district court adopted the magistrate's recommendation and dismissed the case.
 
 
 3
 On appeal, plaintiff Columbus J. Southerland has raised several issues that are not directly related to the substance of the district court's order. Our review of the record shows that these arguments are without merit and that the order of dismissal was proper under the circumstances.
 
 
 4
 The district court did not abuse its discretion by refusing to enter a default judgment for the plaintiffs. The record contains an affidavit from the defendant's attorney which states that a late answer was filed solely because of counsel's medical problems. The plaintiffs could not have been prejudiced as they did not move for default until after the late answer was filed. Moreover, the defendants clearly had a meritorious defense as demonstrated by the success of their summary judgment motion. It cannot be said that the district court abused its discretion under these circumstances. See Shepard Claims Service, Inc. v. William Darrah and Associates, 796 F.2d 190, 193 (6th Cir.1986).
 
 
 5
 The district court also acted within its discretion when it denied the plaintiffs' motion for appointment of counsel. See McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir.1987), cert. denied, 108 S.Ct. 1236 (1988); Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir.1986).
 
 
 6
 It was also appropriate for the district court to hear the defendants' motion even though Southerland had filed an appeal on another matter. The magistrate's decision to deny Southerland's motion for joinder was not a final order that would be reviewable by this court. Southerland's attempted appeal of this non-appealable order did not divest the district court of its authority to proceed with his case. Cochran v. Birkel, 651 F.2d 1219, 1221 (6th Cir.1981), cert. denied, 454 U.S. 1152 (1982).
 
 
 7
 It is also apparent that the district court satisfied its obligation to consider the plaintiffs' objections to the magistrate's report. The court's order of dismissal states that "no meritorious objections" had been filed to the report. However, the court could not have determined that the plaintiffs' objections were meritless if it had not performed the de novo review that is required by 28 U.S.C. Sec. 636(b)(1)(c) (1989).
 
 
 8
 Moreover, the district court's assessment of the plaintiffs' objections was correct. First, dismissal was appropriate because the plaintiffs failed to respond to the defendants' motion as prescribed by the court's local rules. Cf. Thomas v. Arn, 474 U.S. 140, 146-47 (1985). The plaintiffs' failure to respond is analogous to a failure to prosecute their case that would itself be a legitimate ground for dismissal. Cf. Link v. Wabash, 370 U.S. 626 (1962).
 
 
 9
 Second, a de novo review of the record shows that the defendants were entitled to summary judgment because the plaintiffs failed to make even a minimal showing of in personam jurisdiction.
 
 
 10
 In analyzing the due-process limits of personal jurisdiction, a distinction is made between "general" jurisdiction and "specific" jurisdiction. See, e.g., Burger King Corp v. Rudzewicz, 471 U.S. 462, 472 & 473 n. 15 (1985). In a case of general jurisdiction, a defendant's contacts with the forum state are of such a "continuous and systematic" nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state. See, e.g., Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952). In a specific jurisdiction case, "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1984).
 
 
 11
 Third National Bank v. Nashville, Nos. 88-5825/6019, slip op. at p. 5 (6th Cir.Aug. 16, 1989).
 
 
 12
 The instant case is clearly not based on specific jurisdiction. In addition, the plaintiffs have not met their burden of showing that the court's general jurisdiction extended to the defendants. See Weller v. Cromwell Oil Company, 504 F.2d 927, 929 (6th Cir.1974). The district court granted the defendants' motion based solely on the pleadings, affidavits and other written evidence in the record. Under these circumstances, the plaintiffs' burden is relatively slight. The district court must consider the record in a light most favorable to the plaintiffs, and the plaintiffs need only demonstrate some facts that support jurisdiction in order to avoid a summary dismissal. Welsh v. Gibbs, 631 F.2d 436, 438-39 (6th Cir.1980), cert. denied, 450 U.S. 981 (1981).
 
 
 13
 The plaintiffs, however, have not met even this limited burden. The defendants' motion was supported by the affidavit of defendant W. Hayes Pickett, which demonstrates that he has not had even minimal contacts with the state of Tennessee. In addition, the complaint itself indicates that both of the defendants are residents of Georgia and that all of the actions complained of by the plaintiffs occurred in Georgia. In contrast, the plaintiffs have not placed any evidence in the record which might show that the defendants were properly before the court in Tennessee. The defendants' evidence is sufficient to refute the plaintiffs' unsupported allegations regarding personal jurisdiction. It was incumbent upon the plaintiffs to submit some evidence showing that there was a genuine factual dispute on this point. Fed.R.Civ.P. 56(e) (1989); Weller, 504 F.2d at 929-30. Mere allegations will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). The opposing party has the burden of producing proof to support its claim. Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment was proper in the instant case because the plaintiffs failed to meet that burden.
 
 
 14
 Our finding that the district court lacked personal jurisdiction over the defendants makes it unnecessary to review the substantive merits of the plaintiffs' case.
 
 
 15
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.