56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jerry R. BROWN, Plaintiff-Appellant,
v.
DISTRICT ATTORNEY GENERAL'S OFFICE, 19th Judicial District;
Patrick McCutchin, District Attorney; Bill Cloud,
Assistant District Attorney, Defendants-Appellees.
 No. 94-6614.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 1
 Before: KENNEDY and JONES, Circuit Judges, and HOLSCHUH, Chief District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee plaintiff appeals a district court order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Plaintiff filed this civil rights action on May 4, 1994, alleging malicious prosecution in violation of the Fourth Amendment and 42 U.S.C. Sec. 1983. Plaintiff alleged that on January 12, 1992, he was wrongfully arrested for theft of property and that the defendants initiated the prosecution knowing it was without merit. The defendants were Assistant District Attorneys for the 19th Judicial District at the time of plaintiff's arrest. Plaintiff sought monetary relief.
 
 
 4
 Plaintiff filed a motion for default judgment on September 19, 1994. On September 21, 1994, defendants filed a motion to dismiss the complaint as barred by the applicable statute of limitations, and plaintiff filed a response to the motion on September 23, 1994. The district court determined that the complaint was not filed within the applicable limitations period. Defendant's motion to dismiss was granted. Plaintiff's motion for default judgment was denied as moot. Plaintiff's motion to reconsider, construed as a motion to alter or amend the judgment, was denied in an order entered October 28, 1994.
 
 
 5
 Upon de novo review, we conclude that the complaint was properly dismissed. Upon review of a complaint dismissed under Fed. R. Civ. P. 12(b)(6), we construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. See Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). Plaintiff can prove no set of facts which would entitle him to relief because his complaint was not filed within the applicable limitations period.
 
 
 6
 The limitations period for filing a civil rights complaint under 42 U.S.C. Sec. 1983 is determined by looking at the most analogous personal injury statute of limitations of the state in which the complaint was filed. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); see also Albright v. Oliver, 114 S. Ct. 807, 816 n.6 (1994). The most analogous Tennessee statute is that found at Tenn. Code Ann. Sec.28-3-104(a) (Supp. 1994), which provides a one-year limitations period. See Jackson v. Richards Medical Co., 961 F.2d 575, 578 (6th Cir. 1992).
 
 
 7
 Plaintiff alleged that defendants violated his constitutional rights during a course of events occurring in 1992. The criminal charges against plaintiff were dismissed by the trial judge in November of 1992. Therefore, plaintiff had up until November of 1993, to file his civil rights action. Plaintiff did not file his action until May 4, 1994, and thus, he missed the deadline by approximately five months. Plaintiff did not assert grounds for tolling the statute of limitations, nor are any such grounds apparent.
 
 
 8
 The decision to grant default judgment is within the discretion of the district court. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). Under the circumstances of this case, the district court did not abuse its discretion in declining to enter default judgment against defendants. The district court denied plaintiff's motion for default judgment as moot because defendants filed a response to the complaint in the form of a motion to dismiss.
 
 
 9
 Finally, the district court did not abuse its discretion in denying plaintiff's motion for counsel. An indigent civil litigant has no constitutional or statutory right to be represented by counsel. It is not appropriate to provide counsel when the claims are frivolous or when the chances of success are extremely slim. Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir. 1985); Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983). The circumstances of this case did not justify the appointment of counsel.
 
 
 10
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, Chief United States District Judge for the Southern District of Ohio, sitting by designation