64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brenda Lynn WOODS, Plaintiff-Appellant,
v.
Marvin RUNYON, Defendant-Appellee.
 No. 94-6520.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1995.
 
 Before: RYAN, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Brenda Lynn Woods appeals pro se a district court order granting summary judgment in favor of the defendant in this employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The undisputed facts are set forth in the district court's order granting summary judgment in favor of the defendant and will not be repeated here. Suffice it to say that on December 9, 1993, Woods brought the present Title VII action against the defendant, Postmaster General Marvin Runyon, asserting three claims: (1) that Woods was on permanent disability status with the Office of Workers Compensation Programs (OWCP) because of phobic reactions to the United States Postal Service (USPS), and the job offer made by OWCP during the period of her disability was invalid; (2) that OWCP illegally removed Woods from compensation status for not responding to the invalid job offer, effective May 3, 1992, and that thereafter, on September 14, 1992, Woods properly reported to the job location but was not allowed to work; and (3) that effective April 8, 1993, Woods was illegally removed from employment.
 
 
 3
 The defendant filed a motion to dismiss or, in the alternative, for summary judgment, on August 8, 1994. The district court conducted a hearing on the motion on September 30, 1994, and granted judgment in favor of the defendant. This appeal followed.
 
 
 4
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 5
 OWCP determinations of law and fact regarding compensation for federal disability status are not reviewable. 5 U.S.C. Sec. 8128(b); Lindahl v. Office of Personnel Management, 470 U.S. 768, 780 n. 13 (1985). Therefore, because 5 U.S.C. Sec. 8128(b)(1) makes the OWCP determinations conclusive "with respect to all questions of law and fact," and because the OWCP found the job offer made to Woods valid, Woods cannot collaterally attack the validity of the job offer in federal court.
 
 
 6
 Likewise, OWCP's decision not to reopen the job offer when Woods attempted to report for duty at the Corps of Engineers on September 14, 1992, is conclusive and is not subject to challenge in federal court. 5 U.S.C. Sec. 8128(b)(1); Lindahl, 470 U.S. at 780 n. 13.
 
 
 7
 The district court's conclusion that Woods had not carried her initial burden of establishing a prima facie case of sexual discrimination is affirmed in part for the reasons stated by the district court and affirmed in part for another reason. See City Mgmt. Corp., 43 F.3d at 251. The district court's order is affirmed to the extent that the court held that Woods failed to show that she suffered an adverse employment action by USPS relative to the job offer. Since the OWCP designated the job with the Corps of Engineers as valid, and the position was medically approved, there was no adverse employment action by USPS with respect to the job offer with the Corps of Engineers. It is undisputed that Woods did not accept the valid position and failed to explain the non-acceptance.
 
 
 8
 Likewise, when Woods reported to work four months after the job was offered, the only action USPS took was to refrain from acting without OWCP guidance and approval. OWCP withheld that approval, not USPS. Because USPS cannot act in Federal Employees Compensation Act matters but through the OWCP, there was no adverse action by USPS. Without such an adverse action Woods is not "aggrieved" and therefore cannot establish a prima facie case of discrimination. See 29 C.F.R. Sec. 1614.105.
 
 
 9
 Woods did suffer an adverse employment action by USPS when her employment was eventually terminated. However, she failed to show that she was qualified for the position. When Woods was removed from disability status by OWCP, she was no longer qualified for a position created solely for those in that status. Regarding the job with USPS, Woods steadfastly maintained that she is medically disqualified, all medical documentation agrees, and the OWCP so held. As to the compensated disability status (or, as Woods would have it, a "vocational Rehabilitation" position), whether an employee is qualified for a compensated OWCP position is an OWCP decision. See 5 U.S.C. Sec. 8128(b). In this case, the OWCP determined that Woods was not qualified, and that decision is not subject to review. See 5 U.S.C. Sec. 8128(b)(1). Thus, because Woods is not qualified for any position at issue, she failed to establish a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 10
 Even if it is assumed that Woods made out a prima facie case of discrimination, summary judgment was justified in this case because Woods has offered no evidence whatsoever in support of a claim of pretext for discrimination. The defendant has articulated a legitimate non-discriminatory reason for its actions. The only position from which the USPS removed Woods was postal distribution clerk. All other matters were decided by the OWCP. The charges upon which Woods was removed were failure to accept a valid job offer, and failure to meet the requirements of her position. These reasons are legitimate and non-discriminatory. Woods did not meet the burden of proving that the reasons for her removal from postal distribution clerk were pretextual. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-56 (1981).
 
 
 11
 The district court did not abuse its discretion in denying Woods's motion for counsel. An indigent civil litigant has no constitutional or statutory right to be represented by counsel. It is not appropriate to provide counsel when the claims are frivolous or when the chances of success are extremely slim. Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir.1985); Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983). The circumstances of this case did not justify the appointment of counsel.
 
 
 12
 Finally, Woods's claims for fraud and conspiracy, asserted for the first time on appeal, are not reviewable. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994); Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 13
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.