94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Brenton PRESTON, et al., Plaintiffs,
Tony Prather; Andrew Able; Anthony W. Moore; Jericho
Cook; Steve L. Ciukaj, Plaintiffs-Appellants,
v.
Jack C. LEWIS; Don Sapienza; Michael Cooper; Jeff Little;
Beverly Taylor; Kentucky Corrections Cabinet,
John Does; United States Corrections
Corporation, John Does,
Defendants-Appellees.
 No. 95-5579, 95-5694.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1996.
 
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 These pro se Kentucky prisoners appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Defendants have informed the court that they will not be filing a brief.
 
 
 2
 Seeking monetary, injunctive, and declaratory relief, plaintiffs sued multiple prison officials in their individual and official capacities. Plaintiffs claim that the defendants violated a plethora of constitutional amendments, state statutes, state common laws, and prison policies. Plaintiffs sought to represent a class of prisoners who they claimed were subjected to these alleged deprivations.
 
 
 3
 A magistrate judge recommended denying the request for class certification and recommended dismissing the case under 28 U.S.C. § 1915(d) or under Fed.R.Civ.P. 12(b)(6). Upon de novo review, the district court dismissed the case as meritless.
 
 
 4
 In their timely appeal, plaintiffs argue that the district court erred in: 1) dismissing their complaint without giving proper consideration to their motion for class certification; 2) dismissing the complaint under § 1915(d) before appointing counsel; and 3) dismissing their class action because they lacked standing.
 
 
 5
 As the district court sua sponte dismissed plaintiffs' complaint without serving the named defendants, the district court's decision will be construed as dismissing the complaint under § 1915(d). A dismissal of a complaint pursuant to § 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 6
 Plaintiffs argue that the district court erred by dismissing the complaint without ruling on their motion for class certification. This exact issue was addressed and rejected by this court in Thompson v. County of Medina, Ohio, 29 F.3d 238, 240-41 (6th Cir.1994). The district court may address the merits of a complaint before ruling on a motion for class certification. Id.
 
 
 7
 The district court correctly noted that plaintiffs' complaint does not state how they were individually injured by the named defendants. To have standing to pursue their action, plaintiffs must allege and prove a distinct and palpable injury, and the injury must be traceable to the defendants' alleged unlawful conduct. Heimberger v. School Dist. of City of Saginaw, 881 F.2d 242, 245 (6th Cir.1989). As plaintiffs do not allege how they have been personally injured by each of the defendants, plaintiffs failed to establish standing. Therefore, the district court did not abuse its discretion in denying plaintiffs' motion for class certification. Thompson, 29 F.3d at 241.
 
 
 8
 Plaintiffs argue that the district court should not have dismissed their complaint as frivolous before appointing counsel. The appointment of counsel is not appropriate where a pro se litigant's claims are frivolous or when the chances of success are extremely slim. Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir.1985). Because plaintiffs do not have standing, the district court was not required to appoint counsel.
 
 
 9
 Finally, plaintiff Tony Prather has filed a separate brief with the court claiming that he has standing because he was individually affected by the defendants' actions. However, the complaint does not state how the defendants injured Prather. Further, Prather continues to use the plural "plaintiffs" in his brief. Thus, Prather simply has not established standing to pursue his case.
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.