107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick AVERY, Plaintiff-Appellant,
v.
Mark STAGGS; Kevin Myers; Kathleen Cummins; Ronald E.
Baun; Sharon Warren; Donal Campbell; Christine
J. Bradley, Defendants-Appellees.
 No. 96-5199.
 United States Court of Appeals, Sixth Circuit.
 Feb. 04, 1997.
 
 Before: BOGGS, BATCHELDER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Frederick Avery, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Avery sued seven state prison officials in their individual and official capacities. Avery alleged that the defendants denied him his procedural due process rights at a disciplinary hearing for which he was charged, and later found guilty, of possession of a deadly weapon. Service of process was unexecuted on defendants Baun and Cummins. In a report and recommendation entered March 1, 1995, a magistrate judge recommended that Avery's claims against defendants Myers and Campbell be dismissed because Avery failed to allege how these defendants' conduct caused the alleged violations of his constitutional rights. The district court adopted the magistrate judge's report and recommendation in an order entered April 20, 1995.
 
 
 3
 On September 18, 1995, defendant Staggs filed a motion for summary judgment. On October 23, 1995, defendants Bradley and Warren filed a motion for judgment on the pleadings. Over Avery's objections and upon review of the magistrate judge's report and recommendation, the district court granted Staggs's motion for summary judgment, and granted Bradley's and Warren's motion for judgment on the pleadings. This timely appeal followed.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Avery's civil rights action as there is no material issue of fact and the defendants are entitled to judgment as a matter of law. See Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995); Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir.1991).
 
 
 5
 A prisoner is not entitled to absolute judicial review of a disciplinary sanction. Rather, this court reviews a disciplinary sanction only when the sanction implicates a liberty interest; that is, when the sanction imposed affects the duration of the prisoner's sentence or constitutes an atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life. See Sandin v. Conner, 115 S.Ct. 2293, 2300-02 (1995); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995).
 
 
 6
 Avery's punishment for the offense of possession of a deadly weapon consisted of confinement to 30 days segregation. The punishment did not increase his term of imprisonment. Sandin, 115 S.Ct. at 2300-02. Because Avery did not experience an atypical or significant harm or deprivation at the hands of the various prison officials, his due process claim fails. Id.
 
 
 7
 Finally, the district court did not abuse its discretion in denying Avery's motion for counsel. Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir.1985).
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.