107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Auben G. BURKHART, Jr., Plaintiff-Appellant,
v.
Paul WOODALL; Al Langa; Tom Hibbits; Larry Phillips;
John E. Hahn; John Doe, an unknown federal official;
Richard Roe, an unknown federal official; Mary Doe, an
unknown federal official; Richard Bateman, Defendants-Appellees.
 No. 96-5324.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1997.
 
 Before: BOGGS, BATCHELDER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a district court judgment dismissing a civil rights action brought under the law as set forth in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Burkhart alleged violations of his Eighth Amendment rights by federal prison employees while he was an inmate at the Federal Prison Camp in Millington, Tennessee. Specifically, he alleged that the defendants were deliberately indifferent to his serious medical needs. On April 22, 1992, the district court entered a default judgment against defendants Woodall, Hibbits, and Hahn because these defendants had not filed an answer or other responsive pleading within the time allowed by law. The district court denied a motion to set aside the entry of default and entered a default judgment. Reconsideration was denied in an order entered August 23, 1993.
 
 
 3
 On August 25, 1995, the district court held a hearing on damages against defendants Woodall, Hibbits, and Hahn. Upon conclusion of Burkhart's proof and upon due consideration, the district court found no damages to be appropriate.
 
 
 4
 On August 30, 1995, defendants Al Langa and Richard Bateman filed a motion to dismiss for insufficiency of service pursuant to Fed.R.Civ.P. 4(j), or in the alternative, a motion for summary judgment. The motion to dismiss was granted in an order entered September 13, 1995.
 
 
 5
 On September 29, 1995, Burkhart sought a new trial or rehearing with respect to the district court's September 13, 1995, order granting defendants Langa and Bateman's motion to dismiss for insufficiency of service pursuant to Fed.R.Civ.P. 4(j). He also sought a new trial or a rehearing with respect to the district court's order finding no damages against defendants Woodall, Hibbits, and Hahn. The district court denied the motion in an order filed January 31, 1996. Judgment was entered February 1, 1996. This timely appeal followed.
 
 
 6
 On appeal, Burkhart argues that the district court incorrectly concluded that he did not prove damages as a result of a violation of his constitutional rights by defendants Woodall, Hibbits, and Hahn. He also argues that defendants Langa and Bateman intentionally avoided service of the complaint and, therefore, the district court should have found good cause why service was not made within the 120 days as required by Fed.R.Civ.P. 4(j). Lastly, Burkhart argues that the district court erred when the court denied his motion for counsel.
 
 
 7
 Once the default judgment had been entered, it was established, as alleged in Burkhart's complaint, that the defendants violated Burkhart's Eighth Amendment rights by their actions or inactions regarding Burkhart's ankle. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Therefore, the only issue to be decided at the Rule 55(b) hearing was the amount of damages, if any, to which Burkhart was entitled as a result of the defendants' illegal conduct. See Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir.1993).
 
 
 8
 At the close of the Rule 55(b) hearing, the district court, as required, stated its findings of fact and conclusions. See Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 530-31 (8th Cir.1973); Foxtrap, Inc. v. Foxtrap, Inc., 671 F.2d 636, 638 n. 1 (D.C.Cir.1982). The district court found that Burkhart had suffered no significant damage to his ankle because of any unconstitutional conduct by defendants Woodall, Hibbits, and Hahn and, therefore, was not entitled to damages. Upon review of the record, we find no reversible error in any of the factual findings or conclusions of the district court. See Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148, 152 (1st Cir.1990) (an appellate court "ought not to upset findings of fact or conclusions drawn therefrom unless, on the whole of the record, [the appellate judges] form a strong, unyielding belief that a mistake has been made").
 
 
 9
 Upon further review, we conclude that the district court did not abuse its discretion when it dismissed the complaint against defendants Langa and Bateman. Burkhart failed to show good cause for his failure to serve process on these defendants. See Fed.R.Civ.P. 4(m) [formerly codified as Rule 4(j) in 1993 rules].
 
 
 10
 Finally, the district court did not abuse its discretion in denying Burkhart's motion for counsel. Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir.1985).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.