NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3151

BRENDA WOODS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  July 25, 2006

_____

Before NEWMAN, MAYER, and LINN, Circuit Judges.

PER CURIAM.

Ms. Brenda Woods appeals from the decision of the Merit Systems Protection Board[1] dismissing the appeal of her removal.  Because the series of events leading to Ms. Woods' departure from the agency have already been fully litigated, the Board's decision is affirmed.

---

1        Woods v. United States Postal Service, No. AT3443050663-I1 (M.S.P.B. Dec. 14, 2005) (final order).

ANALYSIS

Ms. Woods had been employed with the United States Postal Service (USPS) as a Distribution Clerk at the Raleigh Station post office in Memphis, Tennessee. Ms. Woods' last day at work was April 3, 1989. Ms. Woods stated that on that day she sustained an on the job injury (generalized anxiety disorder with depressive features) which totally incapacitated her for duty at the Postal Service. Woods v. Runyon, No. 93-3058, Slip Op. at 1-2 (W.D. Tenn. 1994). On August 20, 1989, Ms. Woods filed a Notice of Occupational Disease and Claim for Compensation, CA-2, "alleging that she suffered from stress due to 'constant harassment and discrimination,'" as reported in Woods v. United States Postal Service, No. SL-0752930233-I1 (M.S.P.B. Dec. 6, 1993). The Office of Workers' Compensation Programs found that she had work-related generalized anxiety disorder with depressive features, and on July 3, 1991 the OWCP wrote to Ms. Woods that if she was capable of performing work different from her previous position, she was expected to seek such work when she was able. The OWCP Claims Examiners and Rehabilitation Specialists sought to provide vocational assistance and place her in accordance with her medical limitations. According to the Board, Ms. Woods was given a written job offer on February 5, 1992, as a Support Assistant in the Resource Management Division of the U.S. Army Corps of Engineers (COE) in Memphis. According to the Board, Ms. Woods was given 10 days to respond. Ms. Woods states that she never received any valid offer. The Board states that on March 5, 1992, the OWCP informed Ms. Woods by letter that this position was suitable for her capabilities and stated that she had 30 days to respond, adding

06-3151                                    2

adding that if she declined the position without justification her benefits would be terminated. Ms. Woods did not respond. On April 17, 1992, the OWCP terminated Ms. Woods' benefits.

Ms. Woods appeared at the Corps of Engineers office on September 14, 1992 and attempted to assume the position she had been offered in March 1992. Ms. Woods was not allowed to assume the position since she had not accepted the offer within the specified time period. On February 26, 1993, the Postal Service proposed Ms. Woods removal for failure to respond to a valid rehabilitation job offer and failure to meet the physical requirements of her position. The removal was effectuated. Woods v. Runyon, No. 93-3058, Slip Op. at 3 (W.D. Tenn. 1994).

Ms. Woods appealed to the Board in March 1993, claiming that the job offer was invalid because it was made before her doctor had approved it and that the offer did not contain specific dates as to how long the offer would be available. The Board found that the job offer was valid and upheld Ms. Woods' removal for failure to accept the new position.

Ms. Woods here states that the 30-day deadline only related to the time when OWCP would terminate benefits, and did not limit her time to report for work. She also states that she responded on February 10, 1992 to a job offer she received on February 5, 1992, a job offer which was not presented to her by the USPS. Ms. Woods further argues that the OWCP could not advise the USPS on whether she could work because the decision was up to the USPS. She also denies seeking a modification with the OWCP of the April 17, 1992 decision that she had refused to accept work.

Ms. Woods appealed a discrimination claim to the United States District Court for the Western District of Tennessee, which found no evidence of discrimination in her removal. The Court of Appeals for the Sixth Circuit affirmed. Woods v. Runyon, No. 94-6520 (6th Cir. Aug. 17, 1995) ("Likewise, OWCP's decision not to reopen the job offer when Woods attempted to report for duty with the Corps of Engineers on September 14, 1992, is conclusive and is not subject to challenge in federal court. The district court's conclusion that Woods had not carried her initial burden of establishing a prima facie case of sexual discrimination is affirmed in part for the reasons stated by the district court and affirmed in part for another reason.") The Sixth Circuit stated that "It is undisputed that Woods did not accept the valid position and failed to explain the nonacceptance."

On June 7, 2005, Ms. Woods filed an appeal with the MSPB, apparently to contest a November 23, 2004 decision by the Department of Labor Employees' Compensation Appeals Board. The MSPB required Ms. Woods to show cause why her appeal should not be dismissed in light of the rule that it lacks jurisdiction to review decisions of the ECAB. Ms. Woods responded that she was not seeking review of the ECAB decision but rather was appealing her termination from the United States Postal Service which she stated before the Board took place on September 28, 1992. The Board found that the termination occurred on April 8, 1993 and dismissed the appeal as barred by res judicata, i.e. that her claim had already been decided.

We review the Board's decision to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. §7703(c)(1),(2). When the decision rests on findings of fact, those findings are accepted unless they are not supported by substantial evidence. 5 U.S.C. §7703(c)(3). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
Bradley v. Veterans Admin., 900 F.2d 233, 234 (Fed. Cir. 1990).

On this appeal, Ms. Woods seeks reinstatement of her employment with the Postal Service with seniority, back pay including increases, and punitive damages. Her main contention is that she was terminated on March 15, 1991 before her OWCP claim was approved on June 11, 1991, and that she has never appealed this first termination but rather has only appealed her 1993 termination which occurred on April 8, 1993. She also alleges that her 1993 termination was "fraud" because she states that the real termination occurred in 1991 and she was merely rehired so that the USPS could offer her a job.

The Restatement (2d) of Judgments §24 explains that a connected series of events must be litigated at the same time, lest the related claims stemming from these events become extinguished:

> (1) . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

> (2) What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understandings or usage.

Ms. Woods' termination from employment with the United States Postal Service produced a connected series of events, from 1989 to 1993, all part of the same transaction, all subject to her first 1993 appeal.

Ms. Woods argues that res judicata should not apply because she submitted new evidence to the MSPB that was not previously considered, namely a letter from the Injury

Compensation Supervisor in Memphis which she believes indicates "that the USPS terminated my employment before the job was offered to me" and "that the USPS reinstated my employment in order to submit the job offer to me"; a medical report as evidence that "the offered position that was found suitable by OWCP was not suitable employment"; and a letter from the Injury Compensation Supervisor which she believes reveals that "she wanted OWCP to have authority to decide as to whether I could be allowed to accept the position of employment that the USPS had previously offered me."

We agree with the Board that the appeal is barred by <u>res</u> <u>judicata</u>. As the Supreme Court has explained, parties may not relitigate matters that they have had a full and fair opportunity to litigate. <u>See</u>, <u>e.g.</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") We have considered all of Ms. Woods' arguments, and discern no basis for overturning the Board's decision. Accordingly, that decision is affirmed.

No costs.