NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0070n.06
Filed: January 29, 2009

No. 07-4299

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| John E. Cleary, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| MICHAEL B. MUKASEY, Attorney General of | ) | |
| the United States, LOUIE MCKINNEY, USMS | ) | M E M O R A N D U M |
| (DOJ) Acting Director, STACEA HYLTON, | ) | O P I N I O N |
| USMS (DOJ) Acting Deputy Director, EDGAR | ) | |
| MITMAN, Acting United States Marshal (DOJ), | ) | |
| ANN SEEGERS, USMS Associate General | ) | |
| Counsel(DOJ), | ) | |
| | | |
| Defendants-Appellees. | | |

BEFORE:    MARTIN, McKEAGUE, Circuit Judges, and COLLIER, Chief District Judge.[*]

McKEAGUE, Circuit Judge.  John Cleary worked for the Justice Prisoner and Alien Transportation System ("JPATS") division of the United States Marshals Service ("USMS") in Oklahoma City, Oklahoma.  Cleary maintained two residences: one in Belpre, Ohio, where his family lived; the other in Oklahoma City, where he worked.  He submitted a request to telecommute from Belpre, which was rejected.  He then sought to telecommute from a USMS office in Parkersburg, West Virginia.  That request was also rejected.

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

Cleary filed an administrative complaint alleging discrimination and retaliation in violation of Title VII and the Age Discrimination in Employment Act. After losing his administrative appeal, Cleary filed a complaint pro se in the Southern District of Ohio, naming as defendants: Alberto Gonzales, then Attorney General; Louie McKinney, USMS Acting Director; Stacea Hylton, USMS Acting Deputy Director; Edgar Mitman, Acting United States Marshal; and Ann Seegers, USMS Associate General Counsel (collectively "Defendants"). His complaint alleged discrimination on the basis of age, gender, and race in USMS's refusal of his request to telecommute. The complaint also alleged the denial was retaliation based on Cleary's involvement in earlier Equal Employment Opportunity investigations and that Defendants forced Cleary to retire in retaliation for his prior protected activities.[1]

After filing his complaint, Cleary motioned the court to solicit counsel on his behalf as he had recently entered bankruptcy proceedings. The magistrate judge denied Cleary's request.[2] Cleary continued on pro se. Cleary also filed a motion for default judgment, which the court denied.

The magistrate judge issued a scheduling order, which set March 31, 2006 as the deadline for jurisdictional motions and November 30, 2006 as the deadline for motions for summary

---

[1]Cleary was involved in two earlier EEO investigations: one filed by another employee that concluded in 1996, and another based on a complaint Cleary filed in 1999. The record does not indicate when the investigation based on the 1999 complaint was resolved. According to the Department of Justice's final decision on Cleary's current claims, the 1999 complaint was unresolved at the time Cleary's request to telecommute was refused. That DOJ decision does not indicate if any action had been taken on the 1999 complaint during or immediately preceding the events that gave rise to Cleary's current claim.

[2]With the parties' consent, the district court designated Magistrate Judge Norah McCann King to hear this case. *See* 28 U.S.C. § 636(c).

judgment. Defendants filed a motion to dismiss based on lack of jurisdiction. Cleary responded, and the magistrate judge granted Defendants' motion in part and denied it in part.[3] On December 13, 2006, Defendants requested an extension until December 14, 2006 to file a motion for summary judgment, which was then filed on December 14, 2006. The magistrate judge accepted Defendants' summary judgment motion for filing[4] and ultimately granted summary judgment against Cleary. Cleary now appeals the district court's denial of his request for counsel, the filing of the untimely motion for summary judgment, and the summary judgment order itself.

Review of a magistrate judge's grant of summary judgment is de novo. *Braithwaite v. Timken Co.*, 258 F.3d 488, 492-93 (6th Cir. 2001). After careful review of the parties' briefs on appeal and the record of the proceedings below, we are not persuaded that a lengthy opinion is necessary. We adopt the reasons set forth by the magistrate judge and affirm summary judgment for the Defendants on Cleary's discrimination and retaliation claims.

We also find the magistrate judge did not abuse her discretion in accepting for filing Defendants' motion for summary judgment. In assessing a request under Fed. R. Civ. P. 16(b), a district court should examine the moving party's diligence and any prejudice to the nonmoving party. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). The magistrate judge

---

[3]Defendants had argued Cleary failed to exhaust his administrative remedies with regard to six claims in his complaint. The magistrate judge found Cleary failed to exhaust five claims, but that the claim that he was forced into retirement in retaliation for protected activity survived.

[4]The magistrate's order technically denied Defendants' request for extension as moot because Defendants' motion for summary judgment had been filed. The magistrate judge later provided the reasons for accepting the summary judgment motion in the summary judgment order.

explained in her summary judgment order that Defendants had established good cause by detailing their difficulties in contacting witnesses and defendants in several states. She also found that Cleary had neither suffered–nor alleged–prejudice. On appeal, Cleary again fails to identify any prejudice resulting from the extension. Accordingly, there was no abuse of discretion.

Finally, we find the magistrate judge did not abuse her discretion by denying Cleary's motion requesting counsel. There is no constitutional right to counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Federal law provides courts the option of requesting an attorney for indigents in civil cases. 28 U.S.C. § 1915(e)(1). Courts should request counsel for pro se civil plaintiffs only in "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

When a district court denies a motion under this section, the decision is reviewed for an abuse of discretion. *Lanier*, 332 F.3d at 1006. An abuse of discretion occurs only when "the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982)).

The magistrate judge denied Cleary's motion because it was too early to assess the merits of the claim. Cleary argues that the magistrate judge abused her discretion in two ways: she improperly considered the merits of his claim, and she did not engage in the appropriate analysis. Neither argument accurately reflects the Sixth Circuit's approach to requests for counsel.

Courts should not appoint counsel when the "claims are frivolous or when the chances of success are extremely slim." *Id.* at 606 (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (internal citations omitted)). In dicta, an en banc Sixth Circuit noted that courts should

consider, among other things, the merits of the plaintiff's case in deciding whether to request counsel. *Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc). Therefore, courts may consider the merits of the case when faced with a motion for counsel.[5]

Cleary also argues that the district court failed to engage in the necessary analysis. Cleary incorrectly relies on *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc), a Seventh Circuit decision which found an abuse of discretion when a district court did not consider one of the two core factors in its analysis. The Seventh Circuit uses a mandatory two-part test in assessing motions for counsel. *Id.* The Sixth Circuit does not employ a mandatory test. *See, e.g.*, *Lanier*, 332 F.3d at 1006; *Lavado*, 992 F.2d at 606. *Pruitt* is thus inapposite. Further, nothing in the magistrate judge's order resulted in "fundamental unfairness impinging on due process rights." *Lavado*, 992 F.2d at 604-05 (internal quotations and citation omitted).

Even if the district court did abuse its discretion, any error did not prejudice Cleary. Cleary did not identify any exceptional circumstances that warranted the appointment of counsel. The facts and legal issues at issue were not complex. He appears to have adhered to the district court's scheduling order. He responded to the Defendants' motion to dismiss, motion for an extension, and motion for summary judgment. Additionally, he fails to identify any legal or factual issues on appeal that he would have raised below if represented by counsel. Thus, even if the district court abused its discretion in denying the request for counsel, that error was harmless. *See* Fed. R. Civ. P. 61;

---

[5]The magistrate judge did not deny Cleary's motion based on her conclusive assessment of the merits; instead, she denied because she could not yet assess the merits. This does not strike us as impermissible given the exceedingly deferential standard for assessing motions requesting counsel in civil cases. *See Lavado*, 992 F.2d at 604-05.

CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, 11 FEDERAL PRACTICE AND PROCEDURE § 2883 (2008) ("Plainly Rule 61 teaches that the proceedings are not to be disturbed because of an error that prejudiced no one.").

For the foregoing reasons, we **AFFIRM** the rulings of the district court.